LYSSA S. ANDERSON
Nevada Bar No. 5781
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com

Attorneys for Defendant
JULIE MARIE WISE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICK VAN THIEL,<br><br>　　　　　Plaintiff,<br>vs.<br><br>JULIE MARIE WISE; and 20 DOES,<br><br>　　　　　Defendants. | Case No. 2:12-cv-01690-PMP-PAL<br><br>**ANSWER TO COMPLAINT** |

Defendant JULIE MARIE WISE ("Defendant"), by and through her attorneys, Kaempfer Crowell Renshaw Gronauer & Fiorentino, in answer to Plaintiff RICK VAN THIEL's ("Plaintiff") Claim ("Complaint") on file herein, admits, denies and alleges as follows:

**VIOLATIONS OF RIGHTS AND CLAIM FOR DAMAGES**

　　1.　　Answering paragraphs 1 and "Memorandum Points and Authorities" of Plaintiff's Complaint, Defendant alleges that the allegations contained therein call for non-factual legal conclusions and Defendant is therefore not required to answer the same. To the extent that any allegations in said paragraphs do not call for legal conclusions, Defendant denies those allegations.

/././

2. Answering paragraphs 2, 3, 4, 5, 6, 7, 8 and 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

3. Answering paragraph 10 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

## AFFIRMATIVE DEFENSES

Further, as affirmative defenses to each and all of Plaintiff's alleged "causes of action," Defendant alleges:

1. Plaintiff's Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

2. Defendant's actions were reasonable and justified under the circumstances and were privileged.

3. At all times mentioned in Plaintiff's Complaint, Defendant acted under the good faith belief that her actions were legally justifiable.

4. The arrest, identification and imprisonment of Plaintiff, if any, was completely justified and privileged under the circumstances alleged and was perfected pursuant to probable cause and reasonable cause in believing the Plaintiff had committed a criminal act.

5. There can be no recovery for punitive damages against any government official acting in his or her official capacity, pursuant to 42 USC § 1983.

6. No award of punitive damages can be awarded against Defendant under the facts and circumstances alleged in Plaintiff's Complaint.

7. At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, the Plaintiff did not exercise ordinary care, caution or prudence for the protection of his own safety, and the injuries and damages complained of by Plaintiff in his Complaint, if

any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

8. At all times mentioned in Plaintiff's Complaint, Defendant did not personally participate in any of the Plaintiff's alleged violations of his constitutional rights.

9. To the extent Plaintiff's causes of actions against Defendant sound in negligence, no recovery can be had predicated upon 42 USC § 1983.

10. Plaintiff's suit fails to state a claim for relief as he failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

11. Defendant did not enact or promulgate any policy, statute, ordinance or custom, policy or procedure which denied or abridged any of the Plaintiff's constitutional rights.

12. Defendant is qualifiedly immune from the actions alleged against her in Plaintiff's Complaint.

13. The Nevada Revised Statutes, Chapter 41, limits the damages that may be collectable against a political subdivision of the State of Nevada to fifty thousand dollars ($50,000).

14. Defendant is not subject to suit upon the facts and conclusions as stated in Plaintiff's Complaint by reason of her sovereign immunity as a political subdivision of the State of Nevada and more particularly by reason of the provisions of NRS 41.031, 41.032 and 41.033.

15. Plaintiff's Complaint concerns a discretionary function of Defendant for which Defendant is immune.

16. The Plaintiff's claims of a constitutional violation are unsupported in both fact and law, as Plaintiff has not alleged sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

17. The acts by Defendant, as alleged by Plaintiff, were made pursuant to and consistent with NRS 171.123.

18. Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable injury upon the filing of Plaintiff's Complaint, and therefore, Defendant reserves the right to amend her Answer to the Complaint to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by virtue of his Complaint on file herein, and that the same be dismissed with prejudice;

2. For an award of reasonable attorneys' fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief that this Court may deem just and proper in the premises.

DATED this 4th day of October, 2012.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY: _____
LYSSA S. ANDERSON (Nevada Bar No. 5781)
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
**Attorneys for Defendant**
**JULIE MARIE WISE**

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **ANSWER TO COMPLAINT** was made this date by depositing a true copy of the same for mailing at Clark County, Nevada, addressed to each of the following:

Rick Van Thiel
5516 Boulder Highway, Suite 2F-306
Las Vegas, Nevada 89122
**Plaintiff**

DATED this 4TH day of October, 2012.

_____
an employee of Kaempfer Crowell